

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1289-12

**ABEL SANCHEZ, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE FIFTH COURT OF APPEALS
## DALLAS COUNTY

**KELLER, P.J., delivered the unanimous opinion of the Court.**

The indictment in this case alleged that "on or about" January 24, 2006, appellant solicited sex from "Molly Shaw," a girl under seventeen years of age. When communication over the internet first began, the girl purported to be fifteen and gave appellant a date of birth that was within three years of his. Appellant communicated with Molly several more times over the course of nearly two years, but she continued to report her age as fifteen. After Molly agreed to meet appellant for a sexual rendezvous, her secret for agelessness was revealed when he learned that she was actually Bruce Marshall, an undercover police

detective. The questions in this case are: does the affirmative defense in § 22.011(e) of the Penal Code[1] apply to the criminal-solicitation-of-a-minor statute, and, if so, did the evidence at trial justify an instruction on that affirmative defense? We hold that the affirmative defense in § 22.011(e) does apply to the criminal-solicitation-of-a-minor statute and that the jury should have been so instructed. We reverse the judgment of the court of appeals and remand the case for it to consider whether appellant was harmed by the omission of the instruction.

## I. BACKGROUND

### A. The Arrest and Trial Court Ruling

In 2001, Garland Police Detective Bruce Marshall, assigned to the Internet Crimes Against Children Unit, began investigating online instances of sexual solicitation of children and child pornography. Part of the detective's job was to assume the profile of a child in an online chat room and see who approached and initiated conversations. One of Detective Marshall's online characters was "Molly Shaw," a fifteen-year-old girl who went by the online name "sweetmollygirl."

In April 2004, appellant began communicating with "Molly" in a chat room. Over the course of several days, they conversed mainly about sex. Appellant repeatedly inquired as

---

[1] Unless otherwise noted, the versions of the Penal Code cited in this opinion are those from 2004 and 2006, which are the relevant versions for the facts applicable to this case. As they relate to the instant case, there is no substantive difference between these two versions.

to whether "Molly" would have sex with him, and he tried in vain to persuade her to meet with him to do so. During a conversation on April 30, 2004, appellant said that his birthday was November 19, 1985, which was later confirmed by police as accurate, and "Molly" said that her birthday was October 25, 1988.

Communications between "Molly" and appellant slowed after that time, but the two did occasionally interact in the chat rooms, with appellant switching his online name from time to time. The substance of the conversations remained the same; that is, appellant tried to get "Molly" to meet him for sex. On January 24, 2006, "Molly" agreed to let appellant come to her house to engage in sexual intercourse. She asked appellant, "Do you remember my age . . . ?" Appellant replied, "Either 17, right, am I right, or 16, am I right?" "Molly" reminded appellant that she was in fact fifteen, to which appellant replied, "Well damn girl, how long you stay 15?" After some more exchanges, appellant agreed to meet "Molly" by the mailboxes at her apartment complex and told her that he would bring condoms.

Later that day, appellant was arrested where he had agreed to meet "Molly." The police found condoms in his pocket. In a post-arrest interview, appellant admitted to Detective Marshall that he knew "Molly" was fifteen and he had gone to her apartment complex to have sex with her. Appellant was charged, among other offenses, with criminal solicitation of a minor under § 15.031(b) of the Penal Code. The crime he was accused of soliciting was sexual assault of a child, codified in § 22.011(a)(2) of the Penal Code.

At trial, the State introduced the chat-room transcripts from April 2004 that showed

appellant soliciting sex from "Molly" and the two revealing their dates of birth to one another. Appellant argued that he should have received an instruction on the affirmative defense set out in § 22.011(e). As it relates to this case, that affirmative defense would negate a finding of guilt for sexual assault of a child if the ages of the defendant and victim are within three years of each other. Appellant argued that, because of the "on or about" language in the indictment and jury charge, the jury would be able to convict based on conduct that went back to the original communications in April 2004. Because the jury could convict based on that conduct, and because their birthdays were within three years of each other, appellant contended that the evidence raised a defensive instruction on that issue. The trial court disagreed and overruled appellant's objection.

## B. The Court of Appeals's Opinion

The court of appeals affirmed the conviction, ruling that the within-three-years affirmative defense in § 22.011(e) was not applicable to solicitation of a minor in § 15.031(b).[2] According to the court of appeals, the language of the criminal-solicitation statute did not incorporate the defense, and the defense, by its terms, applied only in cases where the defendant was actually charged with sexual assault of a child under § 22.011(a)(2).[3]

In the alternative, the court of appeals held that, even if the within-three-years

---

[2] *Sanchez v. State*, No. 05-10-01605-CR, 2012 Tex. App. LEXIS 4059 (Tex. App.—Dallas May 22, 2012, pet. granted) (mem. op., not designated for publication).

[3] *Id.* at *7.

affirmative defense were available in a solicitation-of-a-minor prosecution, the facts of this case failed to raise all of the elements of the affirmative defense.[4] The court reasoned that the age difference is calculated from the victim's age.[5] "However, there is no victim in this case; Molly Shaw was a fictitious character."[6] Therefore, she had no age from which to calculate, and the defense could not apply.[7]

## II. ANALYSIS

### A. Applicable Law on Defensive Jury Instructions

As the court of appeals correctly noted, it is an affirmative defense to prosecution for sexual assault of a child under § 22.011(a)(2) that the actor is not more than three years older than the victim and the victim is a child fourteen years of age or older.[8] "It is well settled that a defendant has a right to an instruction on any defensive issue raised by the evidence, whether that evidence is weak or strong, unimpeached or contradicted, and regardless of what the trial court may think about the credibility of the evidence. This rule is designed to ensure that the jury, not the judge, decides the credibility of the evidence."[9] The questions we must decide are whether the affirmative defense in § 22.011(e) can be raised at all in a

---

[4] *Id.* at *7-8.

[5] *Id.* at *8.

[6] *Id.*

[7] *Id.*

[8] *See* TEX. PENAL CODE ANN. § 22.011(e).

[9] *Cocke v. State*, 201 S.W.3d 744, 747 (Tex. Crim. App. 2006) (citations omitted).

prosecution under § 15.031(b) and, if so, whether the facts justified such an instruction here.

## B. Can the Affirmative Defense be Raised at All?

The court of appeals held that the within-three-years affirmative defense is inapplicable to the criminal-solicitation-of-a-minor statute because the latter statute does not refer to it, and the defense itself specifically refers only to the sexual-assault-of-a-child statute. Resolving this issue is a matter of statutory construction, which is a question of law that we review *de novo*.[10]

Section 15.031(b) states, in pertinent part, "A person commits an offense if, with intent that an offense under Section . . . 22.011 . . . be committed . . . ." The plain language of the statute incorporates the entirety of § 22.011.[11] It makes no differentiation as to a subsection of the statute. And we know from the face of § 15.031 that the legislature was willing to specify subsections of statutes because, in § 15.031(a), it incorporates "Section 3g(a)(1), Article 42.12, Code of Criminal Procedure." We doubt that the legislature would be so precise in subsection (a) without intending to be less so in subsection (b).[12] Thus,

---

[10] *Mahaffey v. State*, 364 S.W.3d 908, 912 (Tex. Crim. App. 2012).

[11] *See id.* at 213 ("When interpreting statutes, courts must seek to effectuate the collective intent or purpose of the legislators who enacted the legislation. Toward that end, we necessarily focus our attention on the literal text of the statute in question and attempt to discern the fair, objective meaning of that text at the time of its enactment." (internal quotation marks and citations omitted)).

[12] In fact, subsection (b) was later amended to specify subsections to several other statutes, but, notably, no subsection was specified for § 22.011. *See* TEX. PENAL CODE ANN. § 15.031(b) (West 2013).

because the plain language of § 15.031(b) incorporates the § 22.011(e) affirmative defense, the court of appeals erred when it ruled that such an affirmative defense is inapplicable in a prosecution for criminal solicitation of a minor.

Moreover, § 15.031(b) states, in relevant part:

> A person commits an offense if, with intent that an offense under Section . . . 22.011 . . . be committed, the person by any means requests, commands, or attempts to induce a minor or another whom the person believes to be a minor to engage in specific conduct that, *under the circumstances surrounding the actor's conduct as the actor believes them to be*, would constitute an offense under [that] section[] . . . .[13]

The highlighted language shows that the statute looks to the facts as the defendant "believes them to be." The within-three-years affirmative defense negates an offense from having been committed under § 22.011. Thus, if the circumstances surrounding the defendant's conduct were such that he believed the minor's age to be within three years of his own, then he would not have committed an offense at all, provided he raised and proved the within-three-years affirmative defense. Therefore, the court of appeals's holding that the affirmative defense in § 22.011(e) is not applicable in a prosecution under § 15.031(b) is contrary to the plain language of that statute.[14]

### C. Could Appellant Raise the Defense under the Facts of this Case?

---

[13] TEX. PENAL CODE ANN. § 15.031(b) (emphasis added).

[14] Because the plain language of the statute answers the question, we do not consider any absurdities that may result from a contrary reading. We note, however, that it would be absurd to conclude that one could not *commit* a sexual assault of a child if the two parties' ages were within three years of each other, but that one could *solicit* that same criminal act regardless of their ages.

In an alternative holding, the court of appeals ruled that, "even if the affirmative defense applied to offenses under section 15.031(b), here the evidence fails to raise all elements of the affirmative defense."[15]  It reasoned that, "there is no victim in this case; Molly Shaw was a fictitious character without age." Thus, there was no way that appellant's age could be calculated within three years of "Molly's" age.

That alternative holding, however, misapplies the language of § 15.031(b) to the facts of this case.  The court of appeals was factually mistaken when it indicated that "Molly" was fictitious.  "Molly" is Detective Marshall, a real person using a pseudonym.  Section 15.031(b) criminalizes solicitations of "a minor *or another whom the person believes to be a minor . . . .*" Here, appellant believed Detective Marshall was a minor.

The court of appeals's analysis is somewhat self-contradictory.  If it is correct that "Molly's" age cannot be calculated because she is a fictitious character, then she also cannot be underage for the purpose of the offense of solicitation of a minor itself.  The court said that appellant could be guilty of solicitation of a minor even though no minor actually existed to solicit.  But it also denied appellant the affirmative defense because there was no victim, but if there was not a victim then there was no culpable conduct on appellant's part.  Here, appellant solicited a person who he believed was a minor, namely, Detective Marshall.  Therefore, the court of appeals erred when it concluded that there was no victim in this case to be solicited.

---

[15] *Sanchez*, 2012 Tex. App. LEXIS 4059, at *7-8.

But the court of appeals's mistaken interpretation does not necessarily mean that appellant was entitled to an instruction on the within-three-years affirmative defense. The evidence still had to raise the defensive issue. According to the State, no set of facts could have raised the issue. Appellant was caught on January 24, 2006, when he was twenty years old. Under scenario A, appellant was twenty and "Molly" was fifteen, and, thus, no defensive issue was raised, as there was more than three years between their ages. Under scenario B, appellant was twenty, but thought "Molly" was really seventeen, her claim of still being fifteen notwithstanding. Both the criminal-solicitation statute and the sexual-assault statute define "minor" or "child," respectively, as someone younger than seventeen.[16] Thus, if appellant really thought "Molly" was seventeen, then there would have been no crime at all, and, as a result, the evidence would not support the affirmative defense. Instead, the only issue for the jury would have been whether appellant believed "Molly" was younger than seventeen when he solicited her, which was what the jury was charged with deciding.

But that reasoning ignores that appellant was not just charged with criminal conduct that might have occurred on January 24, 2006. He was, instead, charged with conduct that might have occurred *"on or about"* January 24, 2006. "It is well settled that the 'on or about' language of an indictment allows the State to prove a date other than the one alleged in the indictment as long as the date is anterior to the presentment of the indictment and

---

[16] TEX. PENAL CODE ANN. § 15.031(f); *id.* § 22.011(c).

within the statutory limitation period."[17]  What that means in the instant case is that the State

could have obtained a conviction for any solicitations by appellant to "Molly" that occurred

on or before the date in the indictment up to the statute-of-limitations cutoff date.  Even using

the shortest possible statute of limitations period—three years[18]—no conduct the State

attempted to prove occurred outside that time frame.[19]  At trial, the State introduced the chat-

room transcripts into evidence.  The jury charge also included the "on or about" language.

As a result, the jury could very well have concluded that appellant was guilty of criminal

solicitation of a minor based solely on his conduct in April 2004, not on conduct from a later

date.  If that was the case, then "Molly" would be under seventeen and appellant would have

been within three years of her age.  Thus, there would have been some evidence to raise the

affirmative defense in § 22.011(e).  Therefore, the court of appeals erred when it ruled that

appellant was not entitled to that defensive instruction.

### III. CONCLUSION

The affirmative defense in § 22.011(e) of the Penal Code is applicable in a

prosecution under § 15.031(b) and can be raised by a defendant if the evidence at trial

warrants its inclusion in the jury charge.  We reverse the judgment of the court of appeals and

remand this case to the court of appeals to consider whether appellant was harmed when the

---

[17] *Sledge v. State*, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997).

[18] *See* TEX. CODE CRIM PROC. art. 12.01.

[19] The indictment was returned on April 27, 2006.

trial court omitted such an affirmative-defense instruction.


DELIVERED: June 12, 2013
PUBLISH