**Reverse and Remand; Opinion Filed September 19, 2013.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-10-01605-CR

## ABEL SANCHEZ, III, Appellant
## V.
## THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court
Dallas County, Texas
Trial Court Cause No. F06-27884-N

### MEMORANDUM OPINION ON REMAND
Before Justices Moseley, Myers, and Evans
Opinion by Justice Moseley

The Court of Criminal Appeals determined that Abel Sanchez, III was entitled to a jury instruction on the affirmative defense that he was within three years of age of the alleged victim in this criminal solicitation of a minor case. *See Sanchez v. State*, 400 S.W.3d 595 (Tex. Crim. App. 2013). The court remanded the case to this Court to consider whether Sanchez was harmed when the trial court failed to give the affirmative defense instruction. *Id*. at 601.

The background of the case and the evidence adduced at trial are well known to the parties; thus, we do not recite them here in detail. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We reverse the trial court's judgment and remand this case for further proceedings.

The court in *Sanchez* said, "Thus, if the circumstances surrounding the defendant's

conduct were such that he believed the minor's age to be within three years of his own, then he would not have committed an offense at all, provided he raised and proved the within-three-years affirmative defense." *Sanchez*, 400 S.W.3d at 599.[1] We address only whether Sanchez was harmed when the trial court omitted the affirmative defense instruction. *Id.* at 601.

The Court of Criminal Appeals concluded the affirmative defense applies to criminal solicitation of a minor and the evidence in this case raised the defense. *Sanchez*, 400 S.W.3d at 598–99. Sanchez objected that the charge did not include an instruction on the within-three-years affirmative defense. As a result, the failure to include the defense in the charge was error and we assess whether the error resulted in some harm to Sanchez. *See Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985); *see Granger v. State*, 3 S.W.3d 36, 41 (Tex. Crim. App. 1999) (failure to give mistake of fact instruction when requested and raised by evidence reviewed for some harm under *Almanza* standard).

We assess the degree of harm in light of the entire jury charge, the state of the evidence, including the contested issues and weight of the probative evidence, the arguments of counsel, and any other relevant information in the record. *Barron v. State*, 353 S.W.3d 879, 883–84 (Tex. Crim. App. 2011).

The defendant has the burden of proof on an affirmative defense. *See* TEX. PENAL CODE ANN. § 2.04(d). Thus, failure to include an affirmative defense instruction when evidence supports the defense prevents the jury from considering it. *See Granger*, 3 S.W.3d at 39 (failure

---

[1] We express no opinion that the defendant's belief, rather than the victim's actual age, is sufficient to raise the affirmative defense. It is the victim's actual age, not the defendant's belief as to her age or the victim's false representations about her age that determines whether the victim may consent to sexual conduct. *See Smith v. State*, 272 S.W.2d 104, 106 (Tex. Crim. App. 1954) ("It is no defense to a prosecution for rape of a child under the age of consent that accused was told by his victim that she was above such age.") (quoting *Farrell v. State*, 215 S.W.2d 625, 626 (Tex. Crim. App. 1948) ("In such event he acts at his own peril.")); *Zachary v. State*, 122 S.W. 263, 265 (Tex. Crim. App. 1909); *Edens v. State*, 43 S.W. 89 (Tex. Crim. App. 1897). We think the same rule applies to the applicability of the within-three-years affirmative defense.

to give appropriate mistake of fact instruction denied the jury the opportunity to decide the issue). We conclude the jury charge as a whole supports a finding of some harm.

The state of the evidence also supports a finding of some harm. In 2004, Detective Marshall gave Sanchez a birthdate for Molly that was within three years of Sanchez's birthdate. As a result of the "on or about" language in the indictment and jury charge,

> the jury could very well have concluded that appellant was guilty of criminal solicitation of a minor based solely on his conduct in April 2004, not on conduct from a later date. If that was the case, then "Molly" would be under seventeen and appellant would have been within three years of her age. Thus, there would have been some evidence to raise the affirmative defense in § 22.011(e).

*Sanchez*, 400 S.W.3d at 600.

The State contends the error was harmless because the record as a whole shows the conduct starting in 2005 and specifically in January 2006 was the basis of the State's case. Based on the fictitious birthdate for the fictitious Molly given by Detective Marshall, Molly would have turned 17 on October 25, 2005. Any conduct prior to that date would have raised the within-three-years affirmative defense according to *Sanchez*, 400 S.W.3d at 600. Because there is evidence of conduct occurring before this date, we conclude the record supports a finding of some harm. *See id.*

In closing argument, the State argued that Molly repeatedly told Sanchez she was 15, particularly on the date of the arrest. Defense counsel argued that based on the birthdates given in 2004, there was only two and a half years' difference in the ages of Sanchez and Molly. But, because of the charge error, the defense could not argue the within-three-years affirmative defense to the jury. The arguments of counsel tend to show some harm resulted from the charge error. There is no other relevant information in the record.

Applying the guidelines in *Almanza*, we conclude the error resulted in some actual harm to appellant. *See Barron*, 353 S.W.3d at 884. Accordingly, we sustain appellant's first issue,

reverse the trial court's judgment, and remand for further proceedings.

/Jim Moseley/
JIM MOSELEY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
101604RF.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ABEL SANCHEZ, III Appellant

No. 05-10-01605-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F06-27884-N.
Opinion delivered by Justice Moseley.
Justices Myers and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and the cause **REMANDED** for further proceedings.

Judgment entered this 19th day of September, 2013.

/Jim Moseley/
JIM MOSELEY
JUSTICE