ACCEPTED
04-15-00099-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
4/22/2015 8:51:01 AM
KEITH HOTTLE
CLERK

## NO. 04-15-00099-CR

## IN THE COURT OF APPEALS FOR THE FOURTH DISTRICT OF TEXAS SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

4/22/2015 8:51:01 AM

KEITH E. HOTTLE
Clerk

_____

### ROBERT CANO,
*Appellant*

### v.

### THE STATE OF TEXAS,
*Appellee*

_____

## ON APPEAL FROM COUNTY COURT-AT-LAW NO. 7 OF BEXAR COUNTY, TEXAS
## CAUSE NUMBER 477928

_____

## BRIEF FOR THE STATE

_____

**NICHOLAS "NICO" LaHOOD**
**Criminal District Attorney**
**Bexar County, Texas**

**ANDREW N. WARTHEN**
**Assistant Criminal District Attorney**
**Bexar County, Texas**
**Paul Elizondo Tower**
**101 W. Nueva Street**
**San Antonio, Texas 78205**
**Phone: (210) 335-2872**
**Email: awarthen@bexar.org**
**State Bar No. 24079547**
*Attorneys for the State of Texas*

## ORAL ARGUMENT WAIVED

1

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to TEX. R. APP. P. 38.2(a), the appellee supplements the appellant's list of parties as follows:

| | |
|---|---|
| **APPELLATE STATE'S ATTORNEY** | **Andrew N. Warthen** |
| | State Bar No. 24079547 |
| | Assistant Criminal District Attorney |
| | Paul Elizondo Tower |
| | 101 W. Nueva Street |
| | San Antonio, Texas 78205 |
| | (210) 335-2872 |
| | awarthen@bexar.org |

# TABLE OF CONTENTS

Page

IDENTITIES OF PARTIES AND COUNSEL     2

INDEX OF AUTHORITIES     4

STATEMENT OF THE CASE     5

ISSUES PRESENTED     5

*APPELLANT'S SOLE ISSUE*
The evidence was legally insufficient to support the jury's finding that Mr. Cano committed the offense of violation of a protective order.

***STATE'S RESPONSE***
**A protective order was issued that specifically prohibited appellant from communicating with Evelyn Cano. However, appellant repeatedly communicated with Evelyn after the order was in place. The jury heard extensive evidence concerning these violations. Thus, the evidence was sufficient to find appellant guilty of violating the protective order.**

STATEMENT OF FACTS     5

SUMMARY OF THE ARGUMENT     6

ARGUMENT     6

PRAYER FOR RELIEF     12

CERTIFICATE OF COMPLIANCE AND SERVICE     13

# INDEX OF AUTHORITIES

Page

Tex. Code Crim. Proc. Ann. art. 12.02 (West 2015)     11

Tex. Penal Code Ann. § 25.07 (West 2015)     8-9

*Acosta v. State*, 429 S.W.3d 621 (Tex. Crim. App. 2014)     7

*Carrizales v. State*, 414 S.W.3d 737 (Tex. Crim. App. 2014)     6-7

*Isassi v. State*, 330 S.W.3d 633 (Tex. Crim. App. 2010)     7-8

*Jackson v. Virginia*, 443 U.S. 307 (1979)     6

*Perez v. State*, No. 04-13-00476-CR,
2014 Tex. App. LEXIS 7858, at *5-6
(Tex. App.—San Antonio July 23, 2014, pet. ref'd)
(mem. op., not designated for publication)     10

*Sanchez v. State*, 400 S.W.3d 595 (Tex. Crim. App. 2013)     10

*Sledge v. State*, 953 S.W.2d 253 (Tex. Crim. App. 1997)     10

*Wise v. State*, 364 S.W.3d 900 (Tex. Crim. App. 2012)     7

## BRIEF FOR THE STATE

To the Honorable Fourth Court:

Now comes, Nicholas "Nico" LaHood, Criminal District Attorney of Bexar County, Texas, and files this brief for the State.

## STATEMENT OF THE CASE

The State accepts appellant's Statement of the Case.

## ISSUES PRESENTED

*APPELLANT'S SOLE ISSUE*
The evidence was legally insufficient to support the jury's finding that Mr. Cano committed the offense of violation of a protective order.

*STATE'S RESPONSE*
**A protective order was issued that specifically prohibited appellant from communicating with Evelyn Cano. However, appellant repeatedly communicated with Evelyn after the order was in place. The jury heard extensive evidence concerning these violations. Thus, the evidence was sufficient to find appellant guilty of violating the protective order.**

## STATEMENT OF FACTS

The State challenges the factual assertions contained in appellant's brief. *See* TEX. R. APP. P. 38.2(a)(1)(B). The State will supply supplemental pertinent facts supported with record references within its response to appellant's points of error. The Reporter's Record will be referenced as "RR," followed by the respective volume number. The Clerk's Record will be referenced as "CR." Individual exhibits will be referenced as "Ex.," followed by their respective number.

## SUMMARY OF THE ARGUMENT

Appellant's argument that the evidence adduced at trial is insufficient is untenable. The evidence at trial is clear and uncontradicted that at some point on December 10, 2014, appellant spoke to Evelyn Cano, the complainant. Thus, he violated the protective order on that date. In addition, the State could prove a violation of the protective order at any time before presentment of the information through the statute-of-limitations period. The record abounds with evidence that appellant communicated with Evelyn on countless occasions after the protective order was put into effect. Therefore, a rational trier of fact could have concluded beyond a reasonable doubt that appellant violated the protective order by communicating with Evelyn, as alleged in the information.

## ARGUMENT

### 1. Standard of Review

The *Jackson v. Virginia*, 443 U.S. 307 (1979), standard "is the only constitutional standard of review for assessing the legal sufficiency of evidence in a criminal case." *Carrizales v. State*, 414 S.W.3d 737, 742 (Tex. Crim. App. 2014) (citations omitted). Under that standard, a reviewing court views "the evidence in the light most favorable to the verdict and determine[s] whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." *Id*. "It is not necessary that the evidence directly proves the defendant's

6

guilt; circumstantial evidence is as probative as direct evidence in establishing the guilt of the actor, and circumstantial evidence alone may be sufficient to establish guilt." *Id.* "In such cases, it is not necessary that every fact and circumstance point directly and independently to the defendant's guilt; it is enough if the conclusion is warranted by the combined and cumulative force of all the incriminating circumstances." *Acosta v. State*, 429 S.W.3d 621, 625 (Tex. Crim. App. 2014) (internal quotation marks and citations omitted).

When evaluating the evidence, "the trier of fact may use common sense and apply common knowledge, observation, and experience gained in ordinary affairs when drawing inferences from the evidence." *Id.* Conflicts in evidence, or inferences therefrom, are questions of weight and credibility that are left solely for the jury's determination. *See Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). Thus, when confronted with evidence raising conflicting inferences, a reviewing court must presume that "the trier of fact resolved any such conflict in favor of the prosecution, and must defer to that resolution." *Id.* That is to say, a reviewing court defers "to the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010) (internal quotation marks and citations omitted). A reviewing court "is not to become a thirteenth juror." *Id.* And it "may not re-evaluate the

weight and credibility of the record evidence and thereby substitute [its] judgment for that of the fact finder." *Id*. Instead, the role of a reviewing court "is restricted to guarding against the rare occurrence when a factfinder does not act rationally." *Id*.

2. *There was ample evidence that appellant communicated with Evelyn in violation of the protective order*

Boiled down to its essential elements, appellant's argument is that Evelyn Cano was not a credible witness, that no rational jury could believe her, and that no other evidence showed that appellant violated the protective order by communicating with Evelyn. Appellant's argument is untenable.

The protective order that appellant was convicted of violating was signed on February 20, 2013, and effective for two years thereafter. (State's Ex. 1—found in RR4—page 5.) The protective order was clear that appellant was prohibited from communicating in any manner with Evelyn, among others. (State's Ex. 1, page 2, provision (c).) It was equally clear that no one, including Evelyn, could give appellant permission to violate the order, except a court.[1] (State's Ex. 1, page 4.)

---

[1] At trial, appellant's strategy was to make it seem as though he had done nothing wrong because Evelyn had invited violations of the protective order. But, as appellant points out in his brief, that was legally insignificant because reconciliation between the protected party and the party under an order's restrictions does not undermine the validity of the protective order's legal force. *See* Tex. Penal Code Ann. § 25.07(d) (West 2015). Nor is it legally relevant that, as argued by appellant at trial, Evelyn was not arrested for inviting the violations because, as § 25.07(e) makes clear, the protected party cannot be arrested for violating the protective order. *Id*. § 25.07(e).

8

Appellant insists that there was not enough evidence that he communicated[2] with Evelyn on December 10, 2014, to convict him beyond a reasonable doubt. Appellant's argument fails for two reasons. First, there was sufficient evidence adduced at trial that appellant communicated with Evelyn that day. Second, in spite of appellant's insistence to the contrary, the State did not have to prove that the communication occurred on that day alone.

Evelyn testified that on December 10, 2014, appellant spoke to her. (RR3 24.) According to Evelyn's testimony, she could not understand what he said to her, and he did not get out of his vehicle, but she was resolute that he did say something to her. (RR3 24.) When Evelyn was cross-examined about whether she told the police that appellant exited his vehicle that day, she professed that she could not remember what she told them. (RR3 33-34.) Officer Melissa Guajardo, on the other hand, testified that Evelyn had told the dispatcher that appellant was banging on her car window. (RR3 46-47.)

Appellant attacks Evelyn's credibility by pointing out these contradictions and concludes that the evidence was insufficient as a result. But the jury is free to

---

[2] Appellant makes a rather curious argument about the meaning of "communicate," a term found, but not defined, in § 25.07(a)(2) of the Penal Code. He insists that simply speaking to someone is not communicating with them, arguing instead that communicating is a narrower form of interaction. Appellant's Br. 12. Putting aside the fact that "communicate" is typically understood in everyday language to simply mean speaking with or to someone else, cherry-picking dictionary definitions can become problematic because, even using one of appellant's own definitions, he would have been "conveying information" to Evelyn any time that he spoke with her.

9

believe testimony in whole or in part. It alone is tasked with resolving conflicts in the evidence and arriving at the truth. But the one thing that the jury did not have to reconcile is the fact that appellant spoke to Evelyn at some point that day. Whether it was from his vehicle or while banging on her car window, the record is clear that appellant spoke to Evelyn. Viewed in a light most favorable to the verdict, that fact alone makes the evidence sufficient that appellant was guilty of violating the protective order.

Even if the evidence was insufficient to show that appellant communicated with Evelyn that day, it is of no matter. Appellant was not merely indicted for communicating with Evelyn on December 10, 2014. He was indicted for communicating with Evelyn *on or about* December 10, 2014. "It is well settled that the 'on or about' language of an indictment allows the State to prove a date other than the one alleged in the indictment as long as the date is anterior to the presentment of the indictment and within the statutory limitation period." *Sanchez v. State*, 400 S.W.3d 595, 600 (Tex. Crim. App. 2013) (quoting *Sledge v. State*, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997)).[3] In spite of appellant's claims to the contrary, the jury was allowed to convict appellant for any one of the countless

---

[3] *See also Perez v. State*, No. 04-13-00476-CR, 2014 Tex. App. LEXIS 7858, at *5-6 (Tex. App.—San Antonio July 23, 2014, pet. ref'd) (mem. op., not designated for publication) (applying that rule to a sufficiency review).

communications that he and Evelyn had after the protective order was put into place. The record is replete with such communications.

Appellant and Evelyn attempted to reconcile soon after the protective order was in place. They went out together. They lived together. They started a business together. Appellant's sole witness, his own mother, testified to these facts. (See, e.g., RR3 55, 61.) Appellant never demanded that the State elect which communication that the jury must agree upon. Moreover, no incident-unanimity instruction was requested, no objection was made to its exclusion, and incident unanimity is not argued on appeal. Additionally, the charge of the court included the "on or about" language. (CR 19.) Considering that any protective-order-violating communications were made within the statute-of-limitations period,[4] the jury was free to convict appellant of any of the numerous communications that it heard evidence about.

It is clear from the record that a rational trier of fact could have found beyond a reasonable doubt that appellant communicated with Evelyn in violation of the protective order, as alleged in the information. As a result, this court should overrule appellant's sole point of error and affirm the trial court's verdict.

---

[4] *See* Tex. Code Crim. Proc. Ann. art. 12.02(a) (West 2015) (requiring a two year statute of limitations for Class A misdemeanors).

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, the State of Texas submits that the judgment of the trial court should, in all things, be AFFIRMED.

Respectfully submitted,

Nicholas "Nico" LaHood
Criminal District Attorney
Bexar County, Texas

___/s/_____
Andrew N. Warthen
Assistant Criminal District Attorney
Bexar County, Texas
Paul Elizondo Tower
101 W. Nueva Street
San Antonio, Texas 78205
Phone: (210) 335-2872
Email: awarthen@bexar.org
State Bar No. 24079547

*Attorneys for the State*

**CERTIFICATE OF COMPLIANCE AND SERVICE**

I, Andrew N. Warthen, herby certify that the total number of words in appellee's brief is 1,628.  I also certify that a true and correct copy of the above and forgoing brief was emailed to attorney for appellant Robert Cano, Michael D. Robbins, Assistant Public Defender, at mrobbins@bexar.org, on this the 22nd day of April, 2015.

_____/s/_____
Andrew N. Warthen
Assistant Criminal District Attorney

*Attorney for the State*