

NUMBER 13-17-00485-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**ISIDRO GONZALES,**                                                                          **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                       **Appellee.**

### On appeal from the 36th District Court
### of San Patricio County, Texas.

# MEMORANDUM OPINION

### Before Justices Contreras, Longoria, and Hinojosa
### Memorandum Opinion by Justice Longoria

Appellant Isidro Gonzales was convicted of aggravated sexual assault of a child, a first-degree felony. *See* TEX. PENAL CODE ANN. § 22.021(a)2(B) (West, Westlaw through 2017 1st C.S.). Gonzales argues on appeal that the evidence was legally insufficient to support his conviction. We affirm.

## I. BACKGROUND

Gonzales was charged in a four-count indictment with aggravated sexual assault of a child. *See id.* Count one alleged that on March 19, 2016, appellant caused the sexual organ of D.G.[1] to contact the sexual organ of the appellant and D.G. was younger than fourteen years of age. Count two alleged that on March 19, 2016, appellant caused the penetration of the anus of D.G. with the appellant's sexual organ and that D.G. was under fourteen years of age. Count three alleged that on March 20, 2016, appellant caused the sexual organ of D.G. to contact the sexual organ of the appellant and that D.G. was younger than fourteen years of age. Count four alleged that on March 20, 2016, appellant caused the penetration of the anus of D.G. with the appellant's sexual organ and D.G. was under the age of fourteen.

The jury returned a verdict of guilty as to all four counts. The trial court assessed punishment at sixty years in the Texas Department of Criminal Justice—Institutional Division on each of counts one, three, and four, and ninety-nine years on count two, all to run concurrently. This appeal followed.

## II. LEGAL SUFFICIENCY

Gonzales argues that the evidence was legally insufficient to support his conviction. More specifically, he argues that D.G. failed to testify what date the alleged sexual assaults occurred. Furthermore, Gonzales contends that certain DNA evidence and D.G.'s alleged inconsistent testimony renders the evidence insufficient.

---

[1] D.G. is the biological daughter of Gonzales. She was nine years old at the time of the incident. We will use her initials to protect her identity. *See* TEX. R. APP. P. 9.8(b).

2

**A. Standard of Review**

There is "only one standard to evaluate whether the evidence is sufficient to support a criminal conviction beyond a reasonable doubt: legal sufficiency." *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013). In this review, we consider all the evidence in the light most favorable to the verdict to determine whether the finder of fact could have found each of the essential elements of the offense beyond a reasonable doubt. *See id.* When the record supports conflicting inferences, we presume that the jury resolved the conflicts in favor of the verdict. *See id.* The factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). Even the testimony of a single witness can be sufficient to support a felony conviction. *See Agullar v. State*, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971); *Shah v. State*, 403 S.W.3d 29, 35 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd).

"Courts give wide latitude to testimony given by child victims of sexual abuse." *Gonzalez Soto v. State*, 267 S.W.3d 327, 332 (Tex. App.—Corpus Christi 2008, no pet.). The child complainant's description of the abuse need not be "precise." *Id.* This rule "reflect[s] the important public policy that we cannot expect the child victims of violent crimes to testify with the same clarity and ability as is expected of mature and capable adults." *Villalon v. State*, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990). The uncorroborated testimony of a child victim alone is sufficient to support a conviction of aggravated sexual assault of the child. TEX. CODE CRIM. PROC. ANN. art. 38.07 (West, Westlaw through 2017 1st C.S.); *see Gonzalez v. State*, 522 S.W.3d 48, 57 (Tex. App.—Houston [1st Dist.] 2017, no pet.).

3

Sufficiency is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A person commits the offense of aggravated sexual assault of a child if the person intentionally or knowingly causes the penetration of the anus or sexual organ of another person by any means, without that person's consent; causes the penetration of the mouth of another person by the sexual organ of the actor, without that person's consent; or causes the sexual organ of another person, without that person's consent, to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor; and the victim is fourteen years of age or younger, regardless of whether the offender knew the age of the victim at the time of the offense. TEX. PENAL CODE ANN. § 22.021. "Sexual contact" is defined in section 21.11(c) as "any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child." *Id.* § 21.11(c) (West, Westlaw through 2017 1st C.S.).

## B. Discussion

Gonzales first contends that the State was required to prove beyond a reasonable doubt that on or about March 19 and March 20 of 2016, Gonzales committed the alleged offense. According to Gonzales, the State failed to meet this burden because D.G. failed to testify about any specific date. In any event, the evidence was sufficient to establish that the offense was committed on March 19 and 20 of 2016.

"It is well settled that the 'on or about' language of an indictment allows the State to prove a date other than the one alleged in the indictment as long as the date is anterior to the presentment of the indictment and within the statutory limitation period." *Sanchez v. State*, 400 S.W.3d 595, 600 (Tex. Crim. App. 2013). D.G. testified that she was

4

assaulted one day and then again on the next day. Her mother testified at trial that D.G. spent the entire weekend of Friday, March 18 to Sunday, March 20 of 2016 with Gonzales at the motel where he was staying. The indictment stated that the offenses occurred on or about March 19 and 20 of 2016. This provided the defendant with sufficient notice as to the charges against him, it proved a date anterior to the presentment of the indictment, and showed that the offense was not barred by statute of limitations. *See Scoggan v. State*, 799 S.W.2d 679, 680 (Tex. Crim. App. 1990); *Ponce v. State*, 89 S.W.3d 110, 117 (Tex. App.—Corpus Christi 2002, no pet.). With D.G's and her mother's testimony, the State proved beyond a reasonable doubt that the offense occurred on or about March 19 and 20 of 2016.

By his next sub-issue, Gonzales argues that the State failed to meet its burden on counts two and four because the State needed to prove that he caused the penetration of the anus of D.G.; however, he argues that the DNA evidence does not corroborate D.G.'s testimony. Lab results reflected that Gonzales was excluded as a possible contributor to the DNA profile extracted from D.G.'s anal swabs, perianal swabs, labia majora swabs, and labia minora swabs. However, this does not mean the evidence was insufficient; there was plenty of other evidence presented to support his conviction.

D.G. told the jury that she stayed with her dad in his motel room for a few days. She testified that when she was on the bed, "[h]e put his man part in my butt." She stated, "it was like doing pushups. . . . He was on top of me and I was on my stomach . . . instead of going up and down he was going back and forth." She also told the jury that he touched her "middle part" with his middle part while she was on the bed. "He was just rubbing his man part on my middle part" and she testified that it happened more than one time.

5

The SANE nurse Elana Estrada testified, and recorded in her medical records, that D.G. told her that

> her dad started touching me on my middle part with his hand over my clothes. I was laying on my side he laid right next to me. He pulled down my shorts and my underwear then he took off his boxer shorts and he put his man part inside my butt. It hurt. It felt wet and he told me to go wash up. I ran to the bathroom and washed up then he went to the bathroom and washed himself up.

> The next morning on Saturday when I went to poop it hurt and a little blood was on the toilet paper. He did the same thing to me on Saturday. He took off my shorts and underwear, and he put his man part on top of my middle part but not inside. Then he put his man part inside my butt.

Estrada further testified that she detected two superficial tears to the anal opening and believed that they were made recently. She also collected the underwear that D.G. was wearing and had them submitted for DNA analysis. Diane Oliver, a DNA expert, testified concerning the DNA analysis of D.G.'s underwear:

> The sperm cell fraction of the stains in the back of the panties of D.G. the DNA profile interpreted as originating from a single individual. Obtaining this profile is 13.9 quintillion times more likely if the DNA came from Isidro Gonzalez than if the DNA came from an unrelated, unknown individual. Isidro Gonzalez cannot be excluded as the contributor of the profile

Gonzales argues that a "neutral review of all the evidence" undermines the confidence in the jury's determination of guilty. However, that is the wrong standard to employ; as stated earlier, we consider all the evidence in the light most favorable to the verdict to determine whether the finder of fact could have found each of the essential elements of the offense beyond a reasonable doubt. *Temple*, 390 S.W.3d at 360. The uncorroborated testimony of D.G. alone would be enough to support Gonzales's conviction of aggravated sexual assault. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07; *Gonzalez*, 522 S.W.3d at 57. However, in addition to her testimony, the SANE medical

6

nurse testified as to D.G.'s outcry statement and the superficial tears around her anal opening. Additionally, the DNA analysis concluded that Gonzales could not be excluded as the source of the sperm stains located on D.G.'s underwear.

Looking at all of the evidence in the light most favorable to the verdict, we conclude that a reasonable factfinder could find beyond a reasonable doubt that Gonzales committed the offense of aggravated sexual assault of a child. *See id*.; *see also* TEX. PENAL CODE ANN. § 22.021.

We overrule Gonzales's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
26th day of July, 2018.