

NUMBER 13-17-00338-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOHNNY BALDERA JR.,                                                                    Appellant,

v.

THE STATE OF TEXAS,                                                                    Appellee.

On appeal from the 24th District Court
of Calhoun County, Texas.

# MEMORANDUM OPINION

**Before Justices Contreras, Longoria, and Hinojosa**
**Memorandum Opinion by Justice Contreras**

Appellant Johnny Baldera Jr. was convicted of indecency with a child by contact, a second-degree felony. *See* TEX. PENAL CODE ANN. § 21.11 (West, Westlaw through 2017 1st C.S.). The jury found that Baldera was a habitual felony offender and assessed

punishment at 27 years' imprisonment. *See id.* § 12.42(d) (West, Westlaw through 2017 1st C.S.) (enhancing a habitual felony offender's punishment to "any term of not more than 99 years or less than 25 years"). On appeal, Baldera contends by one issue that the trial court erred by failing to instruct the jury on the jailhouse-witness corroboration rule. *See* TEX. CODE CRIM. PROC. ANN. art. 38.075 (West, Westlaw through 2017 1st C.S.). We affirm.

## I. BACKGROUND

Appellant was charged by indictment with continuous sexual abuse of a child, a first-degree felony. *See* TEX. PENAL CODE ANN. § 21.02 (West, Westlaw through 2017 1st C.S.).

J.V., who was thirteen years of age at the time of trial, testified that appellant lived with her and her mother in 2014, when she was in the fourth grade. She stated that appellant touched her private parts and put his finger insider her private parts while her mother was away at work. She did not tell anyone about the abuse at first because she was scared of appellant. She told her mother about the abuse several months later, after the funeral of her uncle, who had always told her to tell the truth.

D.A., an extraneous offense witness who was sixteen years of age at the time of trial, testified that appellant "took out his private area and made me start feeling on him" and put his fingers inside her private area when she was around thirteen years of age, while her mother was away at work.

Kevin Charles Johnson testified that he was an inmate at the Calhoun County Jail and that he and appellant were in the same pod. Johnson stated that appellant talked to him about appellant's case, and that appellant wanted Johnson to testify on his behalf.

When asked what appellant wanted him to testify to, Johnson replied:

> He wanted me to—he asked me if I would testify that in the end of November that he come and asked me for a job on—if I wanted a job on his tug boat. This is what was supposed to be said. I was supposed to say no, that I worked at the Ford dealership, which I did at that time. And then he wanted me to say that, well, . . . a couple weeks later that I was supposed to go to his house and knock on the door and his girlfriend open the door and I ask where YoYo was, that's his nickname, YoYo, and she said that he no longer live here no more. And that's it.

Johnson testified that he refused to testify as appellant asked because it was not true.

Appellant denied inappropriately touching J.V. or asking Johnson to lie for him. However, he agreed with the prosecutor that "there's no way [J.V. and D.A.] could have gotten together to dream up these stories against you."

During closing argument, the prosecutor referenced Johnson's testimony as follows:

> [T]oday you heard that Mr. Baldera asked somebody to essentially lie for him. Mr. Kevin Johnson came in and said that's what he testified to, that Mr. Baldera asked him to say he was living in a place that he really wasn't at a time when he was living with [J.V.'s mother] and her three children. Why would he do that?

The jury convicted appellant of the lesser-included offense of indecency with a child by contact, *see id.* § 21.11, and this appeal followed.

## II. DISCUSSION

### A. Standard of Review

When an appellant alleges error in the jury charge but the alleged error was not objected to at trial, as here, we will reverse only if we find error causing egregious harm. *Nava v. State*, 415 S.W.3d 289, 298 (Tex. Crim. App. 2013) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g)). Egregious harm will be found only if the error deprived the defendant of a fair and impartial trial. *Id.* The record must

3

disclose actual rather than theoretical harm, and the error must have affected the very basis of the case, deprived the defendant of a valuable right, or vitally affected a defensive theory. *Id.* In reviewing for egregious harm, we consider "the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Almanza*, 686 S.W.2d at 171.

## B. Applicable Law

The trial court is required to give the jury a written charge "distinctly setting forth the law applicable to the case . . . ." TEX. CODE CRIM. PROC. ANN. art. 36.14 (West, Westlaw through 2017 1st C.S.). An accused generally has the right to an instruction on any defensive issue raised by the evidence, whether that evidence is weak or strong, unimpeached or contradicted, and regardless of what the trial court may or may not think about the credibility of the evidence. *Sanchez v. State*, 400 S.W.3d 595, 598 (Tex. Crim. App. 2013) (noting that "[t]his rule is designed to ensure that the jury, not the judge, decides the credibility of the evidence").

"Jailhouse-witness testimony is inherently unreliable due to the inmate's incentive to better his circumstances." *Phillips v. State*, 463 S.W.3d 59, 66 (Tex. Crim. App. 2015). In recognition of this fact, the legislature enacted article 38.075 of the Texas Code of Criminal Procedure, which provides:

> A defendant may not be convicted of an offense on the testimony of a person to whom the defendant made a statement against the defendant's interest during a time when the person was imprisoned or confined in the same correctional facility as the defendant unless the testimony is corroborated by other evidence tending to connect the defendant with the offense committed.

4

TEX. CODE CRIM. PROC. ANN. art. 38.075(a). Corroboration is not sufficient for the purposes of article 38.075 if the corroboration only shows that the offense was committed. *Id.* art. 38.075(b). A statement that is against a defendant's interest is one that is adverse to his position. *Phillips*, 463 S.W.3d at 68.

## B.     Analysis

Appellant contends that, in light of Johnson's jailhouse-witness testimony, the trial court erred by failing to instruct the jury *sua sponte* on the corroboration requirement of article 38.075. Assuming, but not deciding, that the trial court's failure to do so was erroneous, we will review the record to determine whether appellant suffered egregious harm as a result of the presumed error.[1] *See Nava*, 415 S.W.3d at 298. In doing so, we eliminate all of Johnson's testimony regarding appellant's statements and "determine if the remaining inculpatory evidence tends to connect appellant to the offense." *Brooks v. State*, 357 S.W.3d 777, 782 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd).

Here, the record contains substantial evidence, aside from Johnson's testimony, tending to connect appellant with the offense committed, including J.V.'s direct testimony that appellant sexually abused her, D.A.'s testimony that appellant abused her in a similar manner, and appellant's own admission that the victims could not have "dream[ed] up these stories." Therefore, even if the trial court had instructed the jury on article 38.075, the jury was overwhelmingly likely to have concluded that there was "other evidence tending to connect the defendant with the offense committed." TEX. CODE CRIM. PROC. ANN. art. 38.075(a). Even assuming that the jury, were it instructed on article 38.075,

---

[1] On appeal, the State concedes that appellant was entitled to an article 38.075 instruction, but argues that he did not suffer egregious harm from its omission.

would have disregarded Johnson's testimony for lack of corroboration, that testimony was ultimately insignificant in light of J.V.'s direct testimony of appellant's abuse. That is, even considering that the prosecutor mentioned Johnson's testimony in closing argument, we cannot conclude that the admission of that testimony "affected the very basis of the case, deprived the defendant of a valuable right, or vitally affected a defensive theory." *See Nava*, 415 S.W.3d at 298.

Appellant argues that the case is very similar to *Phillips*, in which the Texas Court of Criminal Appeals held that the trial court erred in failing to issue an article 38.075 instruction. *See Phillips*, 463 S.W.3d at 68. Indeed, the jailhouse-witness testimony at issue in that case, like Johnson's testimony, indicated that the appellant asked the witness to lie on his behalf. *See id.* at 63. However, though the *Phillips* Court found error in the lack of an article 38.075 instruction, it remanded to the court of appeals for a harm analysis, *see id.* at 68–69, and the court of appeals found on remand that the appellant did not suffer egregious harm. *See Phillips v. State*, No. 10-12-00164-CR, 2015 WL 7443625, at *3 (Tex. App.—Waco Nov. 19, 2015, pet. ref'd) (mem. op., not designated for publication) (noting that, under the egregious harm standard, "the omission of the instruction is generally harmless unless the corroborating evidence is so unconvincing in fact as to render the State's overall case for conviction clearly and significantly less persuasive").

Having reviewed the entire record, including the jury charge, the evidence, and arguments by counsel, we conclude that the lack of an article 38.075 instruction did not deprive appellant of a fair and impartial trial. *See Nava*, 415 S.W.3d at 298. Therefore, any error did not cause egregious harm. We overrule appellant's issue on appeal.

6

### III. CONCLUSION

The trial court's judgment is affirmed.

DORI CONTRERAS
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
23rd day of August, 2018.

7