**Opinion issued February 19, 2026**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00855-CR

———————————

**SHAWN PAUL ROBINSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Case No. 1644504**

---

## O P I N I O N

Shawn Paul Robinson appeals his conviction for online solicitation of a minor. TEX. PENAL CODE § 33.021. In a single issue, he argues that the trial court erred by denying his request for a jury instruction on the "within-three-years" statutory age defense. *See id.* § 33.021(e). We affirm.

## Background

Then 38-year-old Robinson initiated an online conversation with an individual who went by "Abby." He initially told "Abby" that he was 35, but he later stated that he was 30. Robinson believed that "Abby" was 15 years old. Over the course of five months, Robinson communicated with "Abby," asking if she wanted to have sex, confiding in her that he had fantasized for years about having sex with an underage girl, and describing in detail the various sex acts he wanted to engage in with her. Robinson sent "Abby" multiple photos of his erect penis.

Robinson and "Abby" eventually exchanged phone numbers and continued conversing through text messages and phone calls. Robinson promised to bring "Abby" alcohol if she agreed to meet him for sex. "Abby" agreed to meet Robinson if he picked her up at her friend's apartment. Robinson purchased alcohol, booked a hotel room, and arrived at the meetup location. When Robinson arrived, law enforcement officers took him into custody. A large quantity of alcoholic beverages and an overnight bag with condoms were found in Robinson's vehicle.

"Abby" was the online persona of Investigator V. Brady, an officer assigned to the Internet Crimes Against Children Task Force for the Harris County Precinct 1 Constable's office. Throughout her conversations with Robinson,

Investigator Brady was engaging in undercover "chat operations" to investigate predators who use the internet to solicit sexual contact with minors.

At trial, Robinson's theory was that he should be acquitted because Investigator Brady's actual age was within three years of his own. He argued that he should receive an instruction on the defense set out in section 33.021(e) of the Penal Code. As it relates to this case, that defense would negate a finding of guilt for online solicitation of a minor if the ages of the defendant and minor are within three years of each other and the jury found that the minor consented to the solicitation. *See* TEX. PENAL CODE § 33.021(e)(2). The trial court denied Robinson's request to include the defense in the jury charge. The jury found Robinson guilty of online solicitation of a minor. *See id.* § 33.021(c). He was sentenced to 6 years' imprisonment. He appealed.

**Age Defense**

On appeal, Robinson argues that the trial court erred by not instructing the jury on the "within-three-years" statutory defense to online solicitation of a minor. *See* TEX. PENAL CODE § 33.021(e). Robinson does not dispute that he solicited someone he believed to be less than 17 years of age to meet him for sex. App. Br. at 10. Nevertheless, he argues that he is "not more than three years older than the minor" because the investigator's age happened to be within three years of his age. He argues that the jury should have been instructed on the section 33.021(e)(2)

3

statutory defense because there is evidence from which the jury could find that "the minor consented to [his] solicitation." We disagree.

## A.  Applicable Law and Standard of Review

A person commits the offense of online solicitation of a minor:

> if the person, over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service, knowingly solicits a minor to meet another person, including the actor, with the intent that the minor will engage in sexual contact, sexual intercourse, or deviate sexual intercourse with the actor or another person.

TEX. PENAL CODE § 33.021(c). "Minor" is defined as "an individual who is younger than 17 years of age" or "an individual whom the actor believes to be younger than 17 years of age." *Id.* § 33.021(a)(1).

It is a defense to prosecution under section 33.021(c) if at the time the conduct was committed "(1) the actor was married to the minor; or (2) the actor was not more than three years older than the minor and the minor consented to the conduct." TEX. PENAL CODE § 33.021(e) (marriage or "within-three-years" defenses).

The trial court must provide the jury with "a written charge distinctly setting forth the law applicable to the case." TEX. CODE CRIM. PROC. art. 36.14; *Walters v. State*, 247 S.W.3d 204, 208 (Tex. Crim. App. 2007). The trial court must instruct the jury on statutory defenses, affirmative defenses, and justifications whenever

4

they are raised by the evidence. *See* TEX. PENAL CODE § 2.04; *Walters*, 247 S.W.3d at 208–09.

"The issue of the existence of a defense is not submitted to the jury unless evidence is admitted supporting the defense." TEX. PENAL CODE § 2.03(c). "It is well settled that a defendant has a right to an instruction on any defensive issue raised by the evidence, whether that evidence is weak or strong, unimpeached or contradicted, and regardless of what the trial court may think about the credibility of the evidence." *Sanchez v. State*, 400 S.W.3d 595, 599 (Tex. Crim. App. 2013) (quoting *Cocke v. State*, 201 S.W.3d 744, 747 (Tex. Crim. App. 2006) (citations omitted)). A defense is raised by the evidence if there is some evidence, from any source, on each element of the defense, that if believed by the jury, would support a rational inference that that element is true. *Shaw v. State*, 243 S.W.3d 647, 657–58 (Tex. Crim. App. 2007). "In determining whether a defense is thus supported, a court must rely on its own judgment, formed in light of its own common sense and experience, as to the limits of rational inference from the facts proven." *Id.* at 658. The evidence must be such that it will support a rational jury finding as to each element of the defense. *Id.* (requiring evidence to rationally support a jury finding before allowing defensive instruction preserves the integrity of the jury as factfinder by ensuring it is instructed as to a defense only when that defense is rational alternative to defendant's criminal liability).

A trial court errs as a matter of law in refusing to include a requested instruction on a defensive issue when the evidence admitted at trial raises the defense, thereby entitling the defendant to the requested instruction. *See* Tex. Penal Code § 2.03(c); *Shaw*, 243 S.W.3d at 657–58 (articulating standard of review for evaluating whether trial court erred in refusing instruction on defensive issue). Even when the trial court errs by refusing a requested instruction on a defensive issue, the error is not reversible unless it caused some harm. *Navarro v. State*, 649 S.W.3d 603, 613 (Tex. App.—Houston [1st Dist.] 2022, *aff'd on other grounds*, — S.W.3d —, No. PD-0222-22, 2025 WL 3144210 (Tex. Crim. App. Nov. 6, 2025)).

## B. Analysis

Robinson argues that the trial court erred in denying his requested instruction for a section 33.021(e)(2) defense. Robinson argues that the evidence presented at trial supported the submission of the defensive instruction because the evidence showed he was not more than three years older than the investigator and the investigator consented by willingly choosing to engage in conversation with him. The State responds that no set of facts could have raised the issue of the section 33.021(e)(2) instruction because no rational jury could have found that Robinson was within three years of the minor he believed to be 15 years of age. We agree with the State.

There is no dispute that Robinson believed Investigator Brady was fifteen years old. The gravamen of the offense of online solicitation of a minor is the knowing solicitation of a minor to meet a person, with the intent that the minor will engage in some form of sexual contact with that person. *Ganung v. State*, 502 S.W.3d 825, 829 (Tex. App.—Beaumont 2016, no pet.). The prohibited conduct is the act of soliciting. *Id.* (citing *Ex parte Zavala*, 421 S.W.3d 227, 231–32 (Tex. App.—San Antonio 2013, pet. ref'd)). A person commits online solicitation of a minor if he solicits a person "who is actually an adult, as long as the person solicited had represented [herself] to be under age 17 or the actor believed that the person being solicited was under age 17." *Ex parte Ingram*, 533 S.W.3d 887, 898 (Tex. Crim. App. 2017).

Robinson solicited a person he believed to be under age 17 for sex and who had represented herself to be under that age. *See id.* The offense was complete at the time of solicitation. *Ganung*, 502 S.W.3d at 829. The fact that Robinson later learned that the person he thought was fifteen-year-old "Abby" was actually Investigator Brady, and that Investigator Brady's age happens to be within three years of his own, is not sufficient evidence to raise the statutory defense found in section 33.021(e)(2).

The defendant may raise section 32.021(e)(2) defense only if he believed that he was not more than three years older than the minor portrayed by the officer.

7

*Sanchez*, 400 S.W.3d at 599–600 (noting that similar age-difference defense in sexual assault statute applied if defendant believed that he was not more than three years older than fictitious minor portrayed by detective); *see also Hernandez v. State*, No. 01-16-00453-CR, 2017 WL 6327371, at *3–4 (Tex. App.—Houston [1st Dist.] Dec. 12, 2017, pet. ref'd) (mem. op., not designated for publication) (stating evidence uncontroverted that 24-year-old appellant believed agent represented that she was 15 years old and defendant may raise 33.021(e)(2) defense only if he believed he was not more than three years older than the "victim portrayed by the officer").[1]

In *Sanchez*, the appellant communicated online with a detective impersonating the minor "Molly" over a period of years. *Sanchez*, 400 S.W.3d at 597. At the beginning of their conversations, "Molly" told Sanchez that she was 15 and gave Sanchez a birthdate that was within three years of her own. *Id.* A few years later, when he chatted with her again, evidence suggested that Sanchez believed that "Molly" was now 17, though she continued to say that she was 15. *Id.* The Court of Criminal Appeals held that the court of appeals erred in ruling that

---

[1]    Robinson argues that *Hernandez* is not binding on this Court because it is an unpublished memorandum opinion. Although unpublished opinions by the courts of appeals have no precedential value, they may be cited with the notation "(not designated for publication)." Tex. R. App. P. 47.7. A reviewing court may take guidance from unpublished opinions "as an aid in developing reasoning that may be employed." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

Sanchez was not entitled to the defensive instruction. *Id.* at 600. The facts raised the issue of the defense because the jury could have concluded that Sanchez was guilty of criminal solicitation of a minor based on his initial conversations with "Molly." *Id.* At that time, "Molly" was under 17 and Sanchez was within three years of her age. *Id.*

The facts here are not the same. The evidence is uncontroverted that Robinson believed he was communicating with a person younger than 17, and that he solicited that person, who he believed to be 15 years old, to meet him for sex. There is nothing in the record to support that at the time of solicitation, Robinson, who was 38 years old, was within three years of age of the minor he solicited. No rational jury could have found that Robinson's age was within three years of the minor he believed to be 15 years old. The trial court did not err in denying his request for the 33.021(e)(2) defense instruction.

We overrule Robinson's sole issue.

## Conclusion

We affirm the judgment of the trial court.


Susanna Dokupil
Justice

Panel consists of Justices Guerra, Caughey, and Dokupil.

Publish. TEX. R. APP. P. 47.2(b).